IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SECURITIES & EXCHANGE COMMISSION,

        v.                                  Civil No. 1:20cv1529 (DJN)

CHRISTOPHER CLARK,
      Defendant.

## MEMORANDUM ORDER
### (Addressing Pretrial Motions)

This matter comes before the Court after the final pretrial conference held with the Securities & Exchange Commission's ("SEC") and Christopher Clark ("Defendant") (collectively, "the Parties") on October 27, 2023. There, the Court addressed the parties' *motions in limine* (ECF Nos. 182 and 186), proposed jury instructions (ECF Nos. 193 and 195), exhibit objections (ECF Nos. 207 and 208) as well as other miscellaneous issues brought to the Court's attention. For the reasons stated from the bench and those in this Order, the Court ORDERS the following:

### I. *Motions in Limine*

The Parties filed their respective memorandums in support of their *motions in limine* on September 17 and 18, 2023 (ECF Nos. 182 and 186). The parties then filed their Memorandum in Oppositions on September 27, 2023, (ECF Nos. 196 and 197) and their replies on October 2, 2023, (ECF Nos. 200 and 201). On October 27, 2023, the Court held its final pretrial conference with the parties. Fully briefed and argued, the Court rules as follows.

### A. Standard of Review

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the [factfinder] will consider." *United States v. Verges*, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). Because "[q]uestions of trial management are quintessentially the province of the district courts," *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006), the district court enjoys "broad discretion" in granting or denying motions in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012). Nevertheless, district courts should grant motions in limine "only when the [challenged] evidence is clearly inadmissible on all potential grounds." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

### B. Analysis

Against the above legal backdrop, the Court now turns to the parties' respective *motions in limine*. The Court first addresses the SEC's motions, followed by Defendant's. For the reasons stated herein and from the bench during the October 27, 2023 final pretrial conference hearing, the Court concludes as follows.

### C. SEC's *Motions in Limine*

#### 1. To Admit Evidence of Defendant Christopher Clark's Prior Trading in CEB Inc.

The SEC seeks to admit Defendant's past trades of CEB, which parallel the trading at issue in this case. Under Fed. R. Evidence 404(b), evidence of past conduct can be used to show knowledge, intent, and lack of mistake. To admit evidence of past acts under 404(b), the evidence must be both necessary, reliable, and not unfairly prejudicial.

2

The Court finds that the past trading activity is admissible to prove knowledge, intent and lack of mistake. The Defendant and a bevy of caselaw support it. (ECF No. 197 at 3.) (Defendant noting that he "does not necessarily oppose the admissibility of some evidence related to his pre-December 2016" trading). Indeed, it would likely be an abuse of discretion *not* to admit the past acts. *See United States v. Decinces*, 808 F.3d 785, 790-791 (9th Cir. 2015) (in insider trading case, district court abused discretion by excluding evidence of similar, uncharged trading by tippee that showed his "investment history and pattern of trading" in companies for which tipper had inside information and "exhibited uncanny timing").

Thus, the Court hereby GRANTS the SEC's *Motion in Limine* Number 1 to the extent that it may use Defendant's past trading history to establish knowledge, motive, intent and lack of mistake. The Court further permits Defendant to reserve their right to object under Rules 1006 and 611(a), as requested in their brief in opposition.

2. Requesting Permission for the SEC to Ask William Wright Leading Questions on Direct Examination

The SEC moves the Court to label William Wright a hostile witness before he takes the stand on account of him being Defendant's brother-in-law, that he has already been subjected to an adversarial proceeding by the SEC, and that the SEC will argue that he did in fact give Defendant material, non-public information. (ECF No. 182 at 12.) It falls within the Court's purview to identify William Wright as hostile before trial under Rule 611(c)(2) as he is a prototypically hostile witness. In *SEC v. Jacobs*, the Northern District of Ohio permitted the SEC to lead a witness that was the brother-in-law and close friend of the defendant. *SEC v. Jacobs*, 2014 WL 12597832, at *3 (N.D. Ohio Feb. 25, 2014). And in the Central District of California, the witness was deemed hostile because they were "closely involved in the subject matter of the case" and had "an interest in the promoting of [their] version of the events." *SEC v.*

3

*Moshayedi*, 2013 WL 12129282, at *12-13 (C.D. Cal. Nov. 20, 2013). Federal Rule of Evidence 611 plainly permits the Court to treat as hostile those witness "identified" with a party, even absent individualized indicia of hostility. Fed. R. Evid. 611. Here, as Clark's brother-in-law and former co-defendant, William Wright can permissibly be labeled hostile, and the Court shall do so. Thus, the Court hereby GRANTS the SEC's *Motion in Limine* Number 2 (ECF No. 182 at 12.)

### 3. To Exclude Character Evidence

The SEC moves the Court to exclude evidence of Defendant's character for truthfulness, which would likely come from examining witnesses like his sister-in-law, mother-in-law, son and close coworkers. Defendant contends that because the SEC plans to attack his character, like by showing he had violated company policies in the past, he should be able to rehabilitate himself by evidence of his character for honesty and integrity. (ECF No. 197 at 7.)

To the extent that the SEC does attack Defendant's character for truthfulness, the Court permits Defendant to rehabilitate himself as is consistent with Rule 405 and 608(a). In other words, the evidence of Defendant's character trait may be proved only by the person's general reputation in the community or by testimony in the form of an opinion. Fed. R. Evid. 405(a); 608(a). The Court thus DENIES the SEC's *Motion in Limine* Number 3 to the extent that it conflicts with the previously stated reasoning.

### 4. To Exclude Evidence and Argument Regarding the SEC's Investigation and Lawsuit or the Adverse Consequences Thereof

The SEC moves the Court to prohibit Defendant from "attacking the SEC, its investigation, and its attorneys." (ECF No. 182 at 18.) Defendant argues that the investigation is relevant because (1) the SEC designated an FBI agent as a witness, presumably to discuss the investigation, (2) its length and sequence is relevant to Clark's explanation for having lost his

cellphone days before he was to turn it in to the SEC, and (3) it is relevant to Clark's explanation of his trades, for which he has apparently provided contradictory explanations to investigators. (ECF No. 187 at 8–10.)

The Fourth Circuit has held that the Government's conduct in an investigation cannot be attacked unless it bears on an actual defense. *United States v. Hedgepeth*, 418 F.3d 411, 419–420 (4th Cir. 2005); *United States v. Lecco*, 438 F. App'x 187, 191 (4th Cir. 2011). Any harmful outcomes resulting from an SEC investigation specifically have been excluded by courts nationwide. *SEC v. Spencer Pharm., Inc.*, 58 F. Supp. 3d 165, 166 (D. Mass 2014); *SEC v. Saul*, 1991 WL 218061 at *1 (N.D. Ill. Oct. 16, 1991). With these cases in mind, the Court will exclude any argument regarding the adverse consequence that the SEC's investigation has had on Defendant or Defendant's brother-in-law.

With that said, limited inquiries into the SEC's investigation may be both relevant and necessary to guard against unfair prejudice. Likewise, to the extent that the investigation's length relates to the preservation of evidence, that will be permitted. However, the Court will closely scrutinize any reference to the SEC's investigation to guarantee that it is used only for the limited purpose previously referenced. The Court therefore GRANTS IN PART and DENIES IN PART the SEC's *Motion in Limine* Number 4 consistent with the reasoning expressed herein.

### 5. To Exclude Cameron Funkhouser from Testifying at Trial

First, the SEC's *Motion in Limine* Number 5 seeks to exclude Mr. Funkhouser from being a fact witness given that he has no direct knowledge of this case's facts. However, this is not in contention based on Defendant's opposition brief, as he notes that he "simply aims to preserve the ability to call Mr. Funkhouser at trial for the limited purpose of rebuttal of the SEC's expert Matthew Cain." (ECF No. 197 at 11.) Second, the SEC objects to Mr. Funkhouser's testimony

as an expert given that he has not been certified as a witness under Rule 26, and inadequate disclosure alone is enough to exclude his testimony. *See Ricks v. Huynh*, 2021 WL 2432028, at *3 (E.D. Va. Apr. 15, 2021) (excluding late-disclosed expert witness where disclosure did not meet requirements of Rule 26(a)(2)(B)).

Regardless of what Mr. Funkhouser intended to say on the stand, the Court excludes his testimony entirely as both a fact and expert witness. The Court granted Defendant an opportunity during the final pretrial conference on October 27, 2023 to explain Mr. Funkhouser's testimony and the Court determined that his anticipated testimony would render him an expert rather than a fact witness. Accordingly, Mr. Funkhouser's testimony is subject to the strictures of Rule 26, with which Defendant has repeatedly failed to comply. Rule 26 compels a party to provide the opposing party with signed expert reports. Fed. R. Civ. P. 26(a)(2). Said report must contain a complete statement of the expert's opinions and their basis for having them, the facts and data underlying those opinions, any exhibits that will be used, the witness's qualifications, a list of previous cases during which the witness testified as an expert during and a statement outlining the compensation rendered for their services. No report has been disclosed by Defendant either in substance or in form. As such, the Court hereby GRANTS the SEC's *Motion in Limine* Number 5 and excludes Mr. Funkhouser's testimony as both a fact and expert witness.

6. To Exclude References to the Department of Justice's Charging Decisions

The Court excludes any discussion of the DOJ's charging decisions. As the Fourth Circuit recently held, "non-prosecution decisions are irrelevant because they often take into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by other authorities, or any number of other valid discretionary reasons." *United*

6

*States v. Benson*, 957 F.3d 218, 236–37 (4th Cir. 2020). Accordingly, the Court GRANTS the SEC's *Motion in Limine* Number 6.

      7. <u>To Admit the Fact of Defendant William Wright's Settlement with the SEC</u>

The parties submitted equal and opposite motions on this count. The SEC seeks to admit Wright's settlement to show bias and mitigate juror confusion as to why Clark is the only defendant in this matter. Defendant, by contrast, moves the Court to exclude "any evidence and testimony referencing William Wright's settlement with the SEC and Clark's settlement negotiations." (ECF No. 186 at 5.) Furthermore, Defendant requests that if Wright's settlement can be referenced at trial, he wants the ability to "inquire further concerning the details of the settlement to avoid prejudice to Clark and jury confusion." (ECF No. 186 at 6.)

Generally, Rule 408(a) prohibits the use of settlement negotiations to prove or disprove a disputed claim. However, settlement negotiations can be used to show a witness's bias or prejudice. Fed. R. Evid. 408(b). The testimony that the SEC intends to elicit from Wright on this front fits squarely into this exception. Thus, the SEC's *Motion in Limine* Number 7 is GRANTED to the extent that the SEC may reference the substance of Wright's settlement, namely the monetary penalties and the provisions located therein, to show bias. To that end, the Court likewise GRANTS IN PART Defendant's *Motion in Limine* Number 2 to the extent that Defendant may, on a limited basis, elaborate on why Wright entered into his settlement. *Accord S.E.C. v. Goldstone*, 317 F.R.D. 147, 165 (D. N.M. 2016) (permitting limited inquiry into a witness's settlement to show bias). The Court ADVISES, however, that Defendant may not reference the personal effect that the settlement or the SEC's investigation had on Wright.

7

### 8. To Preclude All References to the First Trial

Defendant does not oppose the SEC's *Motion in Limine* Number 8. (ECF No. 197 at 12.) Accordingly, the parties shall be precluded from referencing the first trial during this matter. If it is necessary to reference the first trial to impeach a witness, the parties shall refer to it as a "previous proceeding." Thus, SEC *Motion in Limine* Number 8 is hereby GRANTED.

### D. *Defendant's Motions in Limine*

#### 1. To Exclude Any References to Clark Being in "Financial Trouble" or His "Financial Vulnerability"

Defendant seeks to preclude reference to his financial state under Rules 401 and 403. First, Defendant argues that his financial state is irrelevant to whether he received or traded on material, nonpublic information. Second, Defendant contends that referencing his financial state should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice. (ECF No. 186 at 4–5.)

The SEC responds that Clark's precarious financial state is relevant of his motive to commit securities fraud. (ECF No. 196 at 1.) His financial state included: nine mortgages, a maxed-out credit line, two loans taken out using 401k plans as collateral, and over $50,000 in credit card debt which had accrued over $8,000 in fees over the course of 2016. (ECF No. 196 at 1–2.) Within a few days of cashing in the trades that are the focus of this litigation, Clark paid off a significant amount of this debt. (ECF No. 196 at 2.) On the SEC's theory, these facts are therefore relevant because (1) it tends to show that Clark had a motive to act unlawfully and (2) it shows that Clark had received a tip, "since his extraordinary efforts to finance the trades ahead of the merger, such as by borrowing against his car, were even riskier than they might appear – unless he knew a merger announcement was coming." (ECF No. 196 at 2.)

This evidence is clearly relevant. The Fourth Circuit in this case has already explained that Clark's extraordinary measures" to buy call options was "evidence from which a reasonable jury could have concluded that Wright passed inside information about the merger to Clark before December 9." *SEC v. Clark*, 60 F.4th 807, 814 (4th Cir. 2023). Thus, Defendant's argument as to relevancy fails. It fails equally as to an argument under Rule 403. Defendant contends primarily that "[t]he concepts of financial distress and financial vulnerability are emotionally charged." (ECF No. 186 at 5.) However, Defendant provides no case law supporting exclusion in a case like this. Thus, the Court hereby DENIES Defendant's *Motion in Limine* Number 1.

### 2. To Exclude Any Reference to Wright's Settlement and Clark's Settlement Negotiations

Defendant compels the Court to exclude any reference to Wright's, a former co-defendant of Defendant, settlement. As stated previously, the Court DENIES IN PART Defendant's *Motion in Limine* Number 2 to the extent that it moves the Court to exclude reference to Wright's settlement. However, consistent with Rule 408(a), the Court forbids the SEC from referencing settlement negotiations that took place with Defendant Clark and therefore GRANTS IN PART Defendant's *Motion in Limine* Number 2.

## II. Proposed Jury Instructions

The Court heard argument on the parties' respective proposed jury instructions (ECF Nos. 193 and 195) during the final pretrial conference on October 27, 2023. The Court addresses the disputed jury instructions as follows.

9

### A. SEC's Proposed Jury Instructions

The Court will not adopt the parties' proposed instruction on "Direct and Circumstantial Evidence." (ECF No. 195-1 at 29 and 35.) The Court will craft its own jury instruction that will adopt substantial aspects of both Defendants' and the SEC's proposals.

The Court will not adopt the SEC's proposed instruction regarding Wright's settlement with the SEC. (*Id.* at 31.) Instead, the Court will craft its own instruction. However, the parties are ORDERED to proffer a new instruction consistent with the Court's ruling on SEC *Motion in Limine* Number 7 and *S.E.C. v. Goldstone*, 317 F.R.D. 147 (D. N.M. 2016). Moreover, the parties shall inform the Court of whether they request that the Court give a limiting instruction contemporaneous with Wright's testimony. If they request a limiting instruction be given, the parties are furthered ORDERED to provide one to the Court no later than October 31, 2023.

The Court will adopt the SEC's proposed jury instruction on "Similar Acts" (*Id.* at 32.) The Court will likewise adopt the SEC's jury instruction on "Insider Trading: Personal Benefit" (*Id.* at 34.), as it is consistent with *Salman v. United States*, 580 U.S. 39 (2016).

### B. Defendant's Proposed Jury Instructions

The Court will adopt Defendant's proposed instruction as to "Common Sense," (*Id.* at 37.), and "Admissions." (*Id.* at 38.) It will also substantially adopt Defendant's proposed instruction on "Theory of Defense" (*Id.* at 39.)

### C. Additional Jury Instructions

As noted from the bench, the Court will also provide the jury with two additional jury instructions. Because Defendant lost their cellphone within close proximity to when the SEC was to seize it and because Defendant (and his son) lied to the FBI, the Court will instruct the

10

jury on consciousness of guilt. Moreover, the Court will provide the jury with an instruction on summary charts.

### III.  Exhibits

The Court reviewed with the parties their objections to each other's proposed exhibit lists (ECF Nos. 207 and 208). As to many exhibits, the parties withdrew their respective objections or otherwise acknowledged that the exhibit would be stipulated to or used only for impeachment purposes. As to stipulations, the parties are ORDERED to submit the joint revised stipulations to the Court not later than Friday, November 3, 2023. Moreover, the parties are also ORDERED to submit their revised exhibit lists to the Court by Friday, November 3, 2023 in accordance with the requirements set forth from the bench. The Court thus makes the following findings as to the parties' exhibit objections, with the exhibit number referencing the exhibit number listed in ECF No. 198 (SEC's exhibit list) and ECF No. 204 (Defendant's exhibit list).

#### A. **SEC Objections to Defense Exhibits**

The SEC objected to Exhibit Nos. 41, 42, 43, 44, 45, 57 and 154. The parties agreed that this testimony would be played in a video format and would not require transcripts. Thus, the SEC's exhibit is rendered moot, but the SEC can use transcripts if necessary for impeachment purposes.

The SEC objected to Exhibit Nos. 35–40, 84, 85, 113, 149 and 155 on hearsay grounds. The Court GRANTS the SEC's objection as the Court finds that the exhibits constitute inadmissible hearsay.

The SEC objected to Exhibit Nos. 13, 14, 16, 17, 18, 20, 21 and 24–32B. The SEC's objection is GRANTED. However, the defense may, where appropriate, utilize the information for cross-examination of the SEC's expert, but only if an appropriate foundation is laid.

The SEC objected to exhibits 52, 133 and 169, which are uncorrected summary charts between Clark and Wright. The Court GRANTS the SEC's objection.

The SEC objected to Exhibits 83 and 159 on relevancy grounds. The Court GRANTS the SEC's objection.

The SEC objected to Exhibits 117 and 118. The Court DENIES that objection as MOOT, because Defendant withdraws the exhibits since they do not exist.

B. **Defense Objections to SEC Exhibits**

After the parties conducted a meet and confer, the Court made the following rulings as to Defendant's objections to the SEC's exhibits (ECF No. 198).

The SEC withdrew the following exhibits and Defendant's objections are therefore moot: Exhibit Nos. 39, 43, 50, 61, 71, 77, 79, 82, 111, 161, 162, 164, 165, 171 and 282.

Defendant withdrew their objection to the following exhibits: Exhibit Nos. 11–21, 40, 60, 62–68, 127A–130A, 157–160, 197, 280, 281, and 283–298.

Defendant, after conferring with the SEC, will submit stipulations to the Court in lieu of an exhibit for the following exhibits: Exhibit Nos. 112–126.

Defendant agreed to withdraw their objection to the exhibit provided that it would only be used for impeachment purposes as to the following exhibits: Exhibit Nos. 204–215.

The Court GRANTS objections as to Exhibit Nos. 155 and 166.

The Court DENIES objections as to Exhibit Nos. 147–153 and 156.

IV. **Rulings on Witnesses and Deposition Designations**

Various other matters were brought to the Court's attention during the final pretrial conference held on October 27, 2023. First, the Court will permit the SEC to call Andrea Fox although she was inadvertently omitted from the SEC's witness lists. The SEC may introduce

her summary charts accordingly. Moreover, the Court GRANTS Defendant's request, as articulated in ECF No. 216, to provide testimony from Chao "Joyce" Liu and Melody Jones' by designating portions of their deposition in lieu of live testimony.

    Let the Clerk file a copy of this Order electronically and notify all counsel of record.

    It is so ORDERED.

_____/s/_____<br>
David J. Novak<br>
United States District Judge

Richmond, Virginia  
Date: October 27, 2023